THE PEOPLE OF THE STATE OF NEW YORK ᴇx ʀᴇʟ. JACOB DUCHARDT AND ANN DUCHARDT *v.* WILLIAM H. KELLY, Jᴜsᴛɪᴄᴇ ᴏғ ᴛʜᴇ Dɪsᴛʀɪᴄᴛ Cᴏᴜʀᴛ ɪɴ ᴛʜᴇ Cɪᴛʏ ᴏғ Nᴇᴡ Yᴏʀᴋ ғᴏʀ ᴛʜᴇ Sɪxᴛʜ Jᴜᴅɪᴄɪᴀʟ Dɪsᴛʀɪᴄᴛ.

*Summary proceedings — the summons need not state the judicial district within which the premises are situated — when the court will not take judicial cognizance of the judicial district within which the premises are situate — Implied concession that a fact exists.*

Where summary proceedings are instituted in one of the district courts of the city of New York, to dispossess a tenant for non-payment of rent, it is not necessary to state in the summons that the premises are situate within the judicial district in which the said proceedings are instituted.

Although where the premises are described in the landlord's affidavit as situated on a certain street, which said street lies wholly within the statutory boundaries of one of the judicial districts of the city of New York, the court will take judicial notice of the fact that such premises are situated within such district; yet where they are described by the street and number, and such street extends through two or more judicial districts, the court will not, from the number of the house, determine its position upon the said street, and will not, therefore, take judicial cognizance of the judicial district within which it is situated.*

How far a party is bound by an implied concession of the existence of a fact.

Cᴇʀᴛɪᴏʀᴀʀɪ issued to review a summary proceeding had before William H. Kelly, as Justice of the Sixth Judicial District Court in the city of New York, in which Laura A. Delano, as landlord, made application for the removal, from premises No. 341 Fifth Avenue, of Jacob and Ann Duchardt, as tenants, on the ground of non-payment of rent, and in which a decision was rendered in her favor. The summons was issued on September 12, 1879, and on the return day thereof, to wit, September 16, 1879, the tenants appeared and objected " to the jurisdiction of the court in said proceeding, and also to the sufficiency, regularity and legality of said summons." The tenants also " objected to said summons on the ground that it did not show that the premises described therein were situated within the said sixth judicial district."

These objections being overruled, a counter-affidavit was filed, setting forth as grounds of defence that the tenants had been evicted from part of the premises by the acts of the landlord.

* See *Armstrong* v. *Cummings* (*ante,* p. 313).

Thereupon, an adjournment was had to September 18th, and subsequent adjournments were made from the 18th to the 25th, and from the 25th to the 30th September, when the trial was had; and upon the conclusion of the trial there was an adjournment to October 2d, briefs being handed in on that day, and the decision being reserved.   Judgment was rendered on October 4th, 1879.

*D. P. Holland*, for the relators.

*Daniel Lord*, for the respondent.

*Per Curiam:*

No ground of objection to the jurisdiction of the court was pointed out in the court below.   The objection in that behalf was altogether too general to call for consideration.   The objection to the form of the summons we think was not well taken.   The objection was " on the ground that it did not show that the premises described therein were situated within said sixth judicial district."   To maintain this objection it is necessary to establish that the summons must show in what district the premises are situated.

It is nowhere required by statute that the summons shall contain this fact.   It is sufficient that it properly described the premises.   The requisites of the summons are prescribed by statute.   (3 R. S. [Banks' 6th ed.], § 30, 825.)   And it is enough, so far as the sufficiency of the summons is concerned, that it complies with that requirement.

The form of the objection was itself a virtual concession that the premises were in fact in the sixth judicial district, as it merely insisted that that fact *should appear in the summons*, and made that the point upon which the justice was to pass.   His decision overruling that objection was correct.

The point that the adjournments exceeded ten days is not, we think, well taken.   The several adjournments were made with the consent of the relators, and they appeared and tried the issue without making any objection that the justice had been ousted of jurisdiction by the adjournments.   The mere taking of time after the trial for the consideration of the questions by the justice is not in the nature of an adjournment; and especially would this

be so where it was done, at the request of the parties, to give them opportunity to hand in their briefs.

The case was tried upon the assumption on both sides that the premises were in fact in the sixth judicial district.

Although that fact is within our personal knowledge, we cannot take judicial cognizance of it. Yet we feel that parties should be bound strictly to an implied concession when no issue upon the question of locality is made by the relator, and the case has proceeded upon a virtual concession as above indicated. We have examined the other points presented, and think they are without merit.

We think the proceedings should be affirmed, with costs and the writ quashed.

Present — DAVIS, P. J., BRADY, and BARRETT, JJ.

Proceedings affirmed, with costs, and writ quashed.